United States District Court
Southern District of Texas
**ENTERED**
May 30, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CHRISTOPHER JONES, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. H-23-3655 |
| § | Criminal Action No. H-15-639-2 |
| UNITED STATES OF AMERICA, § | |
| § | |
| Respondent. § | |

## ORDER

Pending before the Court are Petitioner Christopher Jones's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Civil Document No. 1, Criminal Document No. 192) and the United States Memorandum in Opposition to 28 U.S.C. § 2255 Motion (Criminal Document No. 210). Having considered the motions, submissions, and applicable law, the Court determines the Respondent's motion should be granted and the Petitioner's motions should be denied.

## I. BACKGROUND

On December 2, 2015, The Grand Jury for the Southern District of Texas charged Jones and his codefendant with aiding and abetting Hobbs Act robbery and aiding or abetting the carrying, brandishing, and discharging a firearm during and in

the commission of a crime of violence.[1] On April 13, 2016, Jones pleaded guilty to Hobbs Act robbery and to discharging a firearm during and in the commission of a crime of violence.[2] Jones's advisory guideline range for the Hobbs Act robbery was 70 to 87 months of imprisonment, based upon a total offense level of 23 and a criminal history category IV. This Court sentenced Jones to 87 months incarceration for the Hobbs Act robbery conviction to run consecutive to 120 months incarceration for discharging a firearm, for an aggregate term of 207 months incarceration.[3]

Jones subsequently moved to vacate his plea for discharging a firearm. This Court determined that an insufficient factual basis existed to support the firearm conviction and that Jones was prejudiced by entering his guilty plea to that count.[4] Accordingly, this Court vacated the guilty plea and sentence on the firearm count and set the case for re-sentencing.[5] This Court resentenced Jones to 96 months incarceration for Hobbs Act robbery, after granting an upward variance, to run consecutive to the statutory mandatory minimum of 84 months incarceration for

---

[1] *Original Indictment*, Document No. 2 at 1–3.

[2] *Plea Agreement*, Document No. 47 at 1–2.

[3] *Judgment*, Document No. 77 at 1–6.

[4] *Order Vacating Sentence*, Document No. 125 at 4–5.

[5] *Order Vacating Sentence*, Document No. 125 at 4–5.

brandishing a firearm for an aggregate term of 180 months imprisonment.[6] On October 13, 2019, An amended judgment was entered. The Fifth Circuit affirmed that judgment. *United States v. Jones*, 831 F. App'x 100 (5th Cir. 2020). On January 12, 2021, The Supreme Court denied Jones's certiorari petition. *Jones v. United States*, 141 S. Ct. 1119 (2021). Over two years later, Jones now moves to vacate under 28 U.S.C. § 2255.

## II. STANDARD OF REVIEW

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Mimms*, 43 F.3d 217, 219 (5th Cir. 1995) (quoting *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992)). Even if a defendant alleges a constitutional error, he may not raise an issue for the first time on collateral review without showing both cause for his procedural default and actual prejudice resulting from the error. *United States v. Frady*, 456 U.S. 152, 167 (1982); *see also United States v. Acklen*, 47 F.3d 739, 742 (5th Cir. 1995). A petitioner must show "cause" to explain the reason why the objection was not made at trial or on direct appeal and show "actual prejudice" was suffered from the alleged errors. *Frady*, 456 U.S. at 167. To prove "cause," a

---

[6] *Transcript of Resentencing*, Document No. 153 at 8–9.

petitioner must show an external obstacle prevented him from raising his claims either at trial or on direct appeal. *McCleskey v. Zant*, 499 U.S. 467, 497 (1991). To prove "actual prejudice," the petitioner must show he has suffered an actual and substantial disadvantage. *Frady*, 456 U.S. at 170.

To succeed under the "cause" and "actual prejudice" standard, a petitioner must meet a "significantly higher hurdle" than the plain error standard required on direct appeal. *Id.* at 166. This higher standard is appropriate because once the petitioner's chance to direct appeal has been exhausted, courts are allowed to presume the petitioner was fairly convicted. *Id.* at 164; *see also United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (presuming defendant to be fairly and finally convicted after direct appeal). Ineffective assistance of counsel, if shown and applicable, will satisfy the requisite cause and prejudice. *Acklen*, 47 F.3d at 742. Additionally, a claim for ineffective assistance of counsel is properly brought for the first time in a § 2255 motion, *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991) (en banc).

### III. LAW & ANALYSIS

Jones moves, *pro se*, to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("Section 2255") on five grounds, including: (1) ineffective assistance of counsel; (2) insufficient factual basis for his plea of guilty; (3) prejudice; (4) that the indictment was insufficient; and (5) that the indictment was

duplicitous.[7] The United States contends Jones's motion is untimely and should be barred by the statute of limitations. The United States alternatively contends Jones's claims have no merit.

"[A] movant in a § 2255 proceeding has the burden of demonstrating that his filings are timely." *United States v. Duran*, 934 F.3d 407, 413 (5th Cir. 2019). Ordinarily, the statute of limitations begins to run on the date the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). When a defendant appeals his judgment, it becomes final when the Supreme Court "affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Clay v. United States*, 537 U.S. 522, 527 (2003); *Griffith v. Kentucky*, 479 U.S. 314, 321 n. 6 (1987).

The Supreme Court denied Jones's certiorari petition on January 11, 2021. *Jones v. United States*, 141 S. Ct. 1119 (2021). Accordingly, Jones's judgment became final on January 11, 2021. The statute of limitations for his Section 2255 motion expired one year later, on January 11, 2022. "*Pro se* prisoners' filings…are deemed filed as soon as the pleadings have been deposited into the prison mail system." *Medley v. Thaler*, 660 F.3d 833, 835 (5th Cir. 2011); *Duran*, 934 F.3d at 412. Jones certifies that he placed his motion in the prison mailing system on

---

[7] *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence*, Document No. 192 at 1–17.

5

September 20, 2023, nearly a year and a half after the statute of limitations had run. Jones contends the statute of limitation should not apply because his Section 2255 motion is at least partially related to a question of the Court's jurisdiction.[8] the United States contends that Jones is mistaken and the statutory limitations on Section 2255 review apply to jurisdictional claims. *United States v. Scruggs*, 691 F.3d 660, 667 (5th Cir. 2012)(holding the statutory limitations on § 2255 review apply to jurisdictional claims). Accordingly, the statute of limitations does apply to Jones's untimely motion.

The United States also contends that Jones is not entitled to either statutory tolling or equitable tolling. The one-year limitations period for filing a Section 2255 motion may, alternatively, begin to run from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). Section 2255's statute of limitations is also subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 653 (2010). "A habeas petitioner is entitled to equitable tolling only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010) (quoting *Holland*, 560 U.S. at 649). There is nothing in the file to suggest that

---

[8] *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence*, Document No. 192 at 17.

there were any unknown facts or evidence that prevented Jones from being able to file his Section 2255 motion timely. Jones confirmed he had received the indictment against him and fully participated in his rearraignment hearing, where the factual basis of his case was laid out.[9] The majority of Jones's claims arise from the indictment and his attorney's assistance during his case.

Jones further contends that the Bureau of Prisons ("BOP") policies that restricts certain documents in inmates' cells, caused him to be unable to discover that he was "sentenced illegally."[10] The Fifth Circuit has expressly held that proceeding *pro se*, illiteracy, lack of legal training, and unfamiliarity with the legal process do not constitute extraordinary circumstances. *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000). The Fifth Circuit has also "made it clear that a lack of knowledge of the law…does not ordinarily justify equitable tolling." *Fierro v. Cockrell*, 294 F.3d 674, 683 (5th Cir. 2002). Additionally, the BOP's policy of restricting documents applies to all inmates in BOP custody and is not an extraordinary condition that only hinders Jones. The record also indicates that Jones did not request documents from his attorney until August 3, 2022, nearly seven

---

[9] *Transcript of Rearraignment*, Document No. 150 at 4-14.

[10] *Motion Under 28 U.S.C. 2255 to Vacate, Set Aside or Correct Sentence*, Document No. 192 at 17. The Court notes that the BOP policy is related to an ongoing problem in the prison system where inmates conduct "paperwork checks" to discover if other inmates are informants, gang members, or other information to exploit. *See United States' Memorandum in Opposition to 28 U.S.C. § 2255 Motion*, Document No. 210 at 12.

7

months after the statute of limitations had run.[11] Accordingly, the Court finds that Jones has not acted diligently in filing his Section 2255 motion in a timely manner. Therefore, Jones's Section 2255 motion is barred by the statute of limitations. Thus, Jones's Section 2255 motion is untimely and should be dismissed.[12]

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Petitioner Christopher Jones's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Civil Document No. 1, Criminal Document No. 192) is **DENIED**. The Court further

**ORDERS** that Respondent United States' Memorandum in Opposition to 28 U.S.C. § 2255 Motion (Criminal Document No. 210) (moving to dismiss Jones's 2255 motion) is **GRANTED.**

---

[11] *Motion Under 28 U.S.C. 2255 to Vacate, Set Aside or Correct Sentence*, Document No. 192 at 71.

[12] The Court notes that the United States alternatively contends that none of Jones's grounds have any merits. Jones's 2255 grounds likely lack merits. However, the Court need not reach the merits based on the Court's foregoing order related to the statute of limitations.

8

**THIS IS A FINAL JUDGMENT.**[13]

SIGNED at Houston, Texas, on this 30 day of May, 2024.

DAVID HITTNER
United States District Judge

---

[13] A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes reasonable jurists would not find its assessment of the claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 483–84 ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that . . . includes showing that reasonable jurists could debate whether . . . the petitioner should have been resolved in a different manner . . . ."). Because Jones does not allege facts showing his claim could be resolved in a different manner, a certificate of appealability will not be issued.